1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SODERSTROM et al.,

                Plaintiffs,

      v.

SKAGIT VALLEY FOOD CO-OP et al.,

                Defendants.

CASE NO. C18-1707 MJP

ORDER GRANTING IN PART
DENYING IN PART
DEFENDANTS' MOTION TO
COMPEL DISCOVERY
RESPONSES AND FOR
SANCTIONS

THIS MATTER comes before the Court on Defendants' Motion to Compel Discovery

Responses and for Sanctions. (Dkt. No. 14.) Having reviewed the motion, the Response (Dkt.

No. 17), the Reply (Dkt. No. 18), and all related papers, the Court GRANTS in part and DENIES

in part Defendants' Motion.

**Background**

Plaintiffs, Neil Soderstrom and Anne Keown, filed this action on November 5, 2018 in

Skagit County Superior Court; Defendants, the Skagit Valley Food Co-op ("Co-op") and certain

employees of the Co-op, timely removed the case to this Court on November 27, 2018. (Dkt.

No. 1.)  Plaintiffs allege Defendants committed a series of discriminatory and retaliatory acts based on Plaintiff Neil Soderstrom's age and both Plaintiffs' use of Defendants' health plan; according to Plaintiffs, these acts caused "pain and suffering, emotional distress, [and] loss in quality of life. . . ."  (Id. Ex. 1 ("Compl."), ¶¶ 4.6, 5.6, 6.4, 8.2.)

On April 30, 2019, Defendants issued their first set of Interrogatories and Requests for Production of Documents.  (Dkt. No. 15, Declaration of David E. Worley ("Worley Decl."), ¶ 2.) The discovery responses were due on May 30, yet Plaintiffs did not provide any response by the deadline nor contact Defendants to explain the delay.  (Id. ¶ 3.)  Defendants' counsel attempted to contact Plaintiffs' counsel several times, to no avail.  (Id. ¶¶ 5-15.)   It was not until several weeks later, on June 25, that a paralegal from the office of Plaintiffs' counsel contacted Defendants, explaining that Plaintiffs were unable to provide responses due to a recent family emergency, but would submit responses by the following Monday, July 1.  (Id. ¶¶ 17-19.) Plaintiffs did not provide their responses on July 1; Defendants filed the present motion on July 3.  (Id. ¶ 22; Dkt. No. 14.)  After Defendants filed their Motion to Compel, Plaintiffs served responses to Defendants' Interrogatories, but did not respond to Defendants' requests for production until July 10.  (Dkt. No. 19, Declaration of David E. Worley on Reply ("2d Worley Decl."), ¶ 6.)

Although Plaintiffs' responses were due May 30, Plaintiffs' counsel did not provide her clients with the requests until June 10.  (Dkt No. 17, Ex. 1, Declaration of Carrie Coppinger Carter ("Carter Decl."), ¶ 4.)  Plaintiffs' counsel explains the delay was due to a two week trial she had in May and intra-office communication problems.  (Id. at ¶¶ 2-3.)   While Plaintiffs themselves explain a family emergency prevented them from returning their discovery responses sooner, they were able to do so within 30 days of receiving them from their attorney.  (Id. at ¶ 4;

Dkt. No. 17, Ex. 2, Declaration of Anne Keown ("Keown Decl.") ¶¶ 2-4.) Plaintiffs have now

provided some discovery responses, but Defendants still seek to compel production of Plaintiffs'

social media posts and seek sanctions. (Dkt. No. 18.)

## Discussion

### I. Legal Standard

"Litigants 'may obtain discovery regarding any matter, not privileged, that is relevant to

the claim or defense of any party.'" <u>Surfvivor Media, Inc. v. Survivor Prods.</u>, 406 F.3d 625, 635

(9th Cir.2005) (quoting FRCP 26(b)(1)). "Relevant information for purposes of discovery is

information 'reasonably calculated to lead to the discovery of admissible evidence.'" <u>Id.</u>

"District courts have broad discretion in determining relevancy for discovery purposes." <u>Id.</u>

(citing <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002)). If requested discovery is not

answered, the requesting party may move for an order compelling such discovery. FRCP

37(a)(1). "The party who resists discovery has the burden to show that discovery should not be

allowed, and has the burden of clarifying, explaining, and supporting its objections." <u>Cable &</u>

<u>Computer Tech., Inc. v. Lockheed Sanders, Inc.</u>, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

### A. Motion to Compel

Defendants first move to compel production of documents. (Dkt Nos. 14, 18.)

Specifically, Defendants seek documents in response to their Request for Production Number 13:

> Please produce all of your calendars, diaries, "day in the life," social media posts or
> messages, logs or other similar records maintained by you or by others that are in your
> possession, custody, control, for the period of 1 January 2011 through present,
> regardless of how such was maintained.

Plaintiffs have provided no documents in response to this request and object that the

information requested is irrelevant, beyond the relevant time-period, and overly-broad. (Dkt.

No. 19, Ex. 3 at 7; Ex. 5 at 2.)  Plaintiffs also argue that the request violates the "fundamental right of privacy [] guaranteed by the United States Constitution."  (Dkt. No. 17 at 7.)

As an initial matter, Defendants contend that Plaintiffs' objections to the discovery requests have been waived because they did not object until long after their responses were due. (Dkt. No. 14 at 7-8.)  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)).  "This rule has been widely observed in this Court as well as in other district courts in this circuit."  Muller v. Syndicated Office Sys., LLC, No. C17-1840 RSM, 2018 WL 2765535, at *4 (W.D. Wash. June 8, 2018) (collecting cases).  In this case, while Plaintiffs' attorney has not presented good cause for failing to provide her clients with the discovery requests until 10 days after they were due, Plaintiffs themselves were able to answer the requests within a reasonable amount of time and provided the Court with good cause for any delay. (Keown Decl. ¶¶ 2-4.)  Therefore, the Court does not find that Plaintiffs' objections have been waived.

Nevertheless, Plaintiffs must produce documents that are responsive to Request Number 13, for the period of January 1, 2013 through the present.  A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  FRCP 26(b)(1).  "The court should and ordinarily does interpret 'relevant' very broadly to mean any matter that is relevant to anything that is or may become an issue in the litigation."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, n.12 (1978) (citation omitted).  Here, Defendants are seeking documents related to Plaintiffs' "mental and emotional (and possibly their physical) state[s]," as demonstrated by their social media activity.  (Dkt. No. 19, Ex. 4.)  This is relevant to

1  Plaintiffs' allegations that Defendants' discriminatory and retaliatory acts caused Plaintiffs "pain

2  and suffering, emotional distress, [and] loss in quality of life. . . ." (Compl. ¶¶ 4.6, 5.6, 6.4, 8.2.)

3  And because Plaintiffs have put their mental and emotional states at issue in pursuing this action,

4  their contention that social media activity is not subject to discovery because the Constitution

5  guarantees a general right to privacy is not persuasive. (Dkt. No. 17 at 7.) However, because

6  the events alleged in the Complaint began in 2013 (Id. ¶ 3.5), the Court finds Defendants'

7  request for Plaintiffs' social media posts from 2011 through the present overly broad; the request

8  should be limited to posts beginning in 2013.

9        The Court therefore ORDERS Plaintiffs to produce documents in response to

10  Defendants' Request for Production Number 13 from January 1, 2013 through the present.

11  **B. Sanctions**

12        Defendants also move for sanctions under Rule 37(a)(5), which requires the Court to

13  award reasonable expenses associated with a motion to compel discovery, including attorney's

14  fees, if the moving party prevails on the motion. Exceptions to this rule apply if: (i) the movant

15  filed the motion before attempting in good faith to obtain the discovery without court action; (ii)

16  the opposing party's failure to comply was substantially justified; or (iii) other circumstances

17  make an award of expenses unjust. Id.

18        In this case, an award of attorney's fees is appropriate. Defendants made a good faith

19  effort to obtain discovery and delayed the noting date of the instant motion to allow Plaintiffs

20  additional time to respond. (2d Worley Decl. ¶¶ 25-27.) The Court further finds that Plaintiffs

21  are not at fault for the delay, as discussed supra, having returned their responses within 30 days

22  of receiving the Requests from their attorney. (Keown Decl. ¶¶ 2-4; Carter Decl. ¶¶ 8, 11.) But

23  Plaintiffs' attorney has failed to provide the Court with a satisfactory explanation for her delay in

24

providing the requests to her clients and has not explained her failure to communicate with

Defendants regarding the delay.  Therefore, the Court finds that Defendants are entitled to their

reasonable fees and costs, which should be paid by Plaintiffs' attorney, not Plaintiffs.

Defendants are directed to file a motion that includes a precise accounting of the fees and costs

incurred in drafting this motion and in pursuing Plaintiffs' counsel in order to obtain discovery.

### Conclusion

The Court hereby finds and ORDERS:

1. Defendants' Motion to Compel (Dkt. No. 14) is GRANTED in part, DENIED in part;

2. No later than fourteen (14) days from the date of this ORDER:

   (a) Plaintiffs must respond to Defendants' Request for Production Number 13, providing

       responsive documents from January 1, 2013 through the present; and

   (b) Defendants are directed to file a precise accounting of attorneys' fees and costs

       incurred while drafting the current Motion and during counsels' attempts to contact

       Plaintiffs' counsel regarding the outstanding discovery.  These fees and costs are to

       be paid by Plaintiffs' counsel and will not be billed to Plaintiffs themselves.


The clerk is ordered to provide copies of this order to all counsel.

Dated August 20, 2019.

Marsha J. Pechman
United States District Judge