# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SODERSTROM et al.,<br><br>               Plaintiffs,<br><br>   v.<br><br>SKAGIT VALLEY FOOD CO-OP et al.,<br><br>               Defendants. | CASE NO. C18-1707 MJP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEY FEES |

THIS MATTER comes before the Court on Defendants' Motion for Attorney Fees. (Dkt. No. 21.) Having reviewed the motion, the Response (Dkt. No. 23), the Reply (Dkt. No. 25), and all related papers, the Court GRANTS Defendants' Motion.

On July 3, 2019, Defendants filed a Motion to Compel Discovery Responses. (Dkt. No. 14.) The Court granted in part and denied in part Defendants' Motion, ordering Plaintiffs to respond to the disputed Request for Production, but shortening the requested timeframe by two years. (Dkt. No. 20 at 4-5.) The Court also granted Defendants their reasonable fees and costs. (Id. at 4-6.) As discussed in the Court's Order, the award of sanctions was based on the failure

1 of Plaintiffs' counsel, Carrie Coppinger Carter, to provide the Court with a satisfactory

2 explanation for not giving her clients the Requests until 10 days <u>after</u> the responses were due and

3 not providing any justification for her failure to communicate with Defendants' counsel

4 throughout the process. (Dkt. No. 20 at 5-6.)

5       The Court has reviewed Defendants' request for attorneys' fees and supporting

6 documentation and finds that Defendants' requested rates are reasonable. District courts have

7 broad discretion to determine the reasonableness of fees. <u>Coachman v. Seattle Auto Mgmt. Inc.</u>,

8 No. C17-187 RSM, 2018 WL 1640893, at *4 (W.D. Wash. Apr. 5, 2018) (citing <u>Gates v.</u>

9 <u>Deukmejian</u>, 987 F.2d 1392, 1398 (9th Cir. 1992)). To make this determination, courts

10 determine the "lodestar amount," which is calculated by multiplying the number of hours

11 reasonably expended by a reasonable hourly rate. <u>Coachman v. Seattle Auto Mgmt. Inc.</u>, No.

12 C17-187 RSM, 2018 WL 1640893, at *4 (W.D. Wash. Apr. 5, 2018). The court may adjust the

13 lodestar figure up or down based upon the factors listed in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526

14 F.2d 67, 70 (9th Cir. 1975). "The court need not consider the <u>Kerr</u> factors, however, unless

15 necessary to support the reasonableness of the fee award." <u>Id.</u> (citing <u>Cairns v. Franklin Mint</u>

16 <u>Co.</u>, 292 F.3d 1139, 1158 (9th Cir. 2002)). Defendants requested rates of $305 per hour

17 (Associate David E. Worley), $525 per hour (Partner Jerome L. Rubin), and $350 per hour

18 (Partner Josephine B. Vestal) are reasonable given the Court's experience of comparable rates

19 for this kind of legal work. (Dkt. No. 22, ¶¶ 6-8.)

20       Plaintiffs, however, seek to reduce the award of fees, noting that Defendants' Motion to

21 Compel was not entirely successful. (Dkt. No. 20 at 5.) Where a motion to compel is granted in

22 part and denied in part, the court "may, after giving an opportunity to be heard, apportion the

23 reasonable expenses for the motion." FRCP 37(a)(5)(c). The Court finds that apportioning the

24

expenses is not justified in this case.  Defendants have presented evidence that Ms. Coppinger Carter not only failed to appropriately communicate with Defendants' counsel, but on three occasions Ms. Coppinger Carter's office made agreements with Defendants in exchange for additional concessions, only to break those commitments too.  When Ms. Coppinger Carter realized the deadline for responses had passed, she made no attempt to contact Defendants' counsel; instead, it was Defendants' counsel who contacted Ms. Coppinger Carter's office and agreed to extend the deadline to June 19.  (Worley Decl. ¶¶ 4-5, 9, 11.)  When Defendants received no response on the date of the extended deadline, Defendants' counsel was again required to contact Ms. Coppinger Carter's office and again agreed to extend the deadline, this time to July 1.  (Id. ¶¶ 17-19.)  Plaintiffs then did not meet this second extended deadline and did not respond to requests for a discovery conference.  (Id. ¶¶ 13-15, 22; Dkt. No. 14.)  When Defendants filed their motion to compel, they claim they agreed to Plaintiffs' request to extend the noting date only in exchange for Plaintiffs' commitment that they would not file an opposition; but Defendants filed their opposition to the Motion to Compel on July 29, 2019, taking advantage of the extended noting date.  (Id. ¶¶ 24-28; Dkt. No. 17.)

Throughout this process Ms. Coppinger Carter did not contact Defendants' counsel, instead having her office staff make commitments that she and her clients were unwilling or unable to keep.  (See generally Worley Decl.; Dkt. No. 17, Ex. A, Declaration of Carrie Coppinger Carter ("Coppinger Carter Decl.") ¶ 10.)  While Plaintiffs' brief now describes these actions as "good faith communications," the Court disagrees.  (Dkt. No. 23 at 8.)  Because Ms. Coppinger Carter's actions were not substantially justified and she has not described any circumstances that make an award of fees unjust, the Court finds that Defendants should be awarded their reasonable fees and expenses in full.  FRCP 37(a)(5)(c).

The Court therefore awards Defendants the requested $8,653.00 in fees for 26.4 hours of work. (Dkt. No. 22 ¶¶ 6-8.) And because the Court found that Plaintiffs are not at fault for the delayed responses and counsel's failure to communicate (Dkt. No. 20 at 5-6), the fees are to be paid by Plaintiffs' attorney, not Plaintiffs. The fees are due within 30 days of the date of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 10, 2019.

Marsha J. Pechman
United States District Judge